## No. 9880.

## ZARLENGO *v.* ZARLENGO.

Decided May 2, 1921.

Action on promissory note. Judgment for defendant.

*Affirmed.*

1. EVIDENCE—*Declarations of Husband Acting as Wife's Agent.* In an action by a wife on a promissory note, which defendant alleged was given without consideration, evidence of declarations of the husband, who was acting as the wife's agent, held admissible.

2. APPEAL AND ERROR—*Instructions—Harmless Error.* Instructions in an action on a promissory note reviewed and held not prejudicial to plaintiff in error.

3.     *Harmless Error.* Where a party seeks to recover on either of two theories, he cannot complain because both are submitted to the jury. for determination.

*Error to the District Court of the City and County of Denver, Hon. John T. Shumate, Judge.*

Mr. L. J. STARK, for plaintiff in error.

Messrs. DAYTON & DENIOUS, Mr. JOHN W. SLEEPER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, sued on a promissory note for $1,000, signed by defendant, payable to her. The defendant had a verdict and judgment.

The defendant pleaded no consideration, and that the note was made for the accommodation of plaintiff, which she denied.

The plaintiff testified that, on July 2nd, 1917, she gave her husband, Felix Zarlengo, $1,000, to loan to defendant, who was his cousin; that he, Felix, later on the same day, delivered the note to her; that Felix had first broached the matter to her shortly after their marriage in June, 1917, and she had agreed to make the loan after July 1st. That she never spoke to defendant in the matter but that Felix attended to the whole transaction for her. Felix testified that he gave the $1,000 to defendant and received the note from him and gave it to plaintiff.

Defendant testified that he signed the note without any consideration, at Felix's request, to enable him and his wife temporarily to raise $1,000, and denied that the $1,000 was delivered to him, in which denial he is strongly, not to say conclusively, corroborated by circumstances. There is no evidence that Felix was the agent of the defendant.

Defendant was allowed to testify to his conversation with Felix at the time he signed the note. It is urged that such conversation was not competent against the plaintiff,

but it was so because she testified that Felix was attending to the matter for her.

It is claimed the court should have directed a verdict for plaintiff; but that could not be, since there was evidence that defendant did not get the money, that Felix was plaintiff's agent and that the note was given to accommodate her.

It is claimed that by Instruction No. 4 the jury were told that they could not find a verdict for plaintiff unless the defendant received a consideration. The instruction is somewhat confused, but, taken as a whole and with the rest of the instructions, we do not think that it is open to that objection or that it could have misled the jury.

Instruction No. 6 in effect said that if plaintiff gave the money to Felix as her agent to give to defendant, and he failed to deliver it, defendant must have a verdict. If this instruction was erroneous it was because the note might have been an accommodation for Felix alone to enable him to get the money from his wife, the plaintiff; but the error is without prejudice, because there is no evidence, that Felix only was to be thus accommodated. The only evidence on that subject is defendant's own testimony. Plaintiff's counsel upon cross-examination repeatedly tried to put the words into his mouth that it was Felix alone, but again and again that was denied; and his story of the transaction between him and Felix, if the jury believed it, proved an accommodation for both Felix and plaintiff.

There were two theories upon either of which plaintiff sought to recover: First, that the transaction was a loan and defendant got the money; or second, that the accommodation, if there was one, was not for her. The issue on each was left to the jury in instruction No. 2, and found for the defendant. If there was error, because of lack of evidence, in leaving the second point to the jury, it is one of which the plaintiff cannot complain.

Affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.